IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
EDWIN TORRES-ROSARIO
Defendant

CRIMINAL 13-0054CCC

**OPINION AND ORDER**

Before the Court is the Motion for Leave to Withdraw Guilty Plea filed by defendant Edwin Torres-Rosario (de.e. 77) and the United States' response in opposition (d.e. 88). The record reflects that this case was called for defendant's sentencing hearing on August 19, 2014. During defendant's allocution, his attorney Assistant Federal Public Defender Carlos Vázquez suddenly became ill. The sentencing hearing had to be interrupted since Mr. Vazquez required immediate medical attention. See Minutes of Sentencing Hearing (d.e. 74). On September 9, 2014, defendant filed a Motion for Extension of Time (d.e. 75) in which his attorney explained that, after meeting with defendant, he had informed that he was "not inclined to proceed with his sentencing and that discussions had ensued about withdrawing his guilty plea."

On September 19, 2014, defendant filed his Motion to Withdraw Guilty Plea (d.e. 77). At page 2 of that motion, defendant avers that after August 19, 2014 (date of the aborted sentencing hearing) "counsel met with the defendant and it was learned that the defendant still maintained his innocence in regards to the § 924(c)(1(A) count." He also adds that "[i]t is now evident that the defendant accepted the charges in connection to § 924(c)(1)(A) but remains steadfast in his assertion that he is not factually guilty." Additionally, at page 2 of this Motion he "denies ever conducting drug transactions outside his

CRIMINAL 13-0054CCC                2

residence, as described in the affidavit,[1] much less in plain view of others, notwithstanding, he admitted that he would package the controlled substance -- marihuana -- at his house, for later sale at his work." He states at page 3 of the Motion that "it cannot be said that defendant's claims as it pertains to the use of his weapons is not a credible assertion of legal innocence."

Defendant was indicted on January 30, 2013 in a two-count Indictment, to wit: Count One for possession with intent to distribute marihuana and Count Two for possession of a firearm in furtherance of a drug trafficking crime. The factual allegations of Count Two are that on January 25, 2013 he possessed a Glock pistol, .40 caliber, described therein, a loaded Glock magazine with eleven rounds of .40 caliber ammunition, and a .45 caliber Taurus pistol in furtherance of the drug trafficking offense charged in Count One. The indictment also contained a firearm and ammunition forfeiture allegation.

The Court has thoroughly reviewed the relevant events and documents. The first relevant incident is the evidentiary hearing held on his Motion to Suppress (d.e. 28), supplemented with an unsworn declaration under penalty of perjury (d.e. 32). Defendant there declared that the search warrant supported by the affidavit of a Puerto Rico Police Officer was based on information that (1) his house was used to store drugs, (2) that pursuant to such information the officer conducted surveillance of his house on January 22 and 23, 2013, (3) that during the surveillance police officers reportedly saw him conducting drug transactions on each of those dates around the front of his house or near a cement fence in front, and (4) that his house was located in a residential area. He denied in such statement  ever conducting drug

---

[1] Referring to the Puerto Rico Police Officer's affidavit in support of the search warrant.

CRIMINAL 13-0054CCC                    3

transactions outside of his residence, much less in plain view, as stated in the officer's affidavit. No mention of the possession of the weapons seized, described in Count Two of the Indictment, was made in defendant's declaration.

The Motion to Suppress (d.e. 28) and this supporting statement essentially attacked the credibility of police officer Fernando Rodríguez-Brevan, badge number 26027, assigned to the Fajardo Drug and Narcotics Division, who was the officer who executed the affidavit in support of the search warrant. Defendant requested an evidentiary hearing in his suppression motion, claiming that "there were instances of unbelievable assertions and impossible observations included in the affidavit of agent Rodriguez." Page 5 of Motion to Suppress (d.e. 28). At page 7 of the Motion, he averred that after ATF agents read his <u>Miranda</u> rights at the police station, he was given the written form, he executed a waiver of rights and subsequently offered incriminating statements. He stated that these were recorded in an ATF report of investigation and argued that even though he was not claiming coercion they should be suppressed as the product of an unconstitutional arrest. The government filed an Opposition to the Motion to Suppress on September 6, 2013 (d.e. 33) where it set forth a narrative of agent Rodríguez-Brevan's surveillance before the issuance of the search warrant on January 24, 2013. It specifically referred to observations made by agent Rodríguez-Brevan on January 18, 2013 around 2:00 PM when he drove in an unmarked vehicle to the residence identified as the location where an individual a/k/a "Edwin" was storing drugs and possibly a firearm in the sector of Aguas Claras in Ceiba, Puerto Rico. The opposition also referred to the surveillance conducted and observations made by agent Rodríguez-Brevan on January 22, 2013 and on

CRIMINAL 13-0054CCC 4

January 23, 2013 when he returned to that same location. These led to the request for a search warrant, issued on January 24, 2013 and executed on January 25, 2013 at the Aguas Claras property in Ceiba, Puerto Rico. The United States also averred, at page 5 of its Opposition, that after defendant Torres-Rosario was shown the search warrant and read it, agent Carrión-Ramírez commenced to execute it in his presence and that defendant informed him, in the master bedroom, that he had a half pound of marihuana inside the room and a pistol inside the closet. The government then described the findings by agent Carrion-Ramirez related to seizure of drug paraphernalia and a .40 caliber Glock pistol, the reading of his Miranda rights, the information purportedly provided by defendant to agent Carrión-Ramírez regarding a magazine kept inside a chest, that agent Carrión-Ramírez found a loaded Glock magazine with 11 rounds of .40 caliber ammunition inside the chest, and approximately .60 pounds of a green leafy substance which field tested positive to marihuana on the top shelf of the closet, as indicated by defendant (see page 6, d.e. 33). The government also points out, at page 6 of its Opposition, that agent Carrión-Ramírez found a .45 caliber Taurus pistol inside a fanny pack, that defendant was provided his Miranda rights in Spanish by ATF SA Jorge Rosado and ATF Task Force officers Ramón de Jesús and Francisco Martínez, that defendant signed a waiver form and voluntarily acknowledged that he sold marihuana at the Meliá Hotel where he worked after some guests asked him where they could buy the substance. Reference is also made to statements by defendant that he purchased marihuana, packaged it at his house, about 2.5 grams of marihuana per baggie which he sold for $20.00. Page 6 of the Opposition also avers that defendant admitted in his statement that he had been selling marihuana for approximately a year

CRIMINAL 13-0054CCC                 5

and had purchased 4 days before his arrest the half pound found by the police for the sum of $950.00.  In addition to this information, the government also referred in its Opposition to the firearms and to statements by defendant that he had acquired both firearms in the town of Luquillo, had paid $1,200.00 for each and that he possessed them for his protection.

The evidentiary hearing on the motion to suppress was held on November 20, 2013 before U.S. Magistrate-Judge Bruce J. McGiverin (see d.e. 36).  A Report and Recommendation was issued by him on December 17, 2013 (d.e. 49) where he stated that his findings were based on the credible testimonies of the witnesses heard and the documentary evidence received at the suppression hearing.  The witnesses who testified at the suppression hearing were Fernando Rodríguez-Brevan, the P.R. Police agent who conducted the surveillance of defendant's residence, and defendant Edwin Torres-Rosario.  It is a settled principle that the findings of fact of a U.S. Magistrate-Judge, based on credibility determinations, must be accepted by the Court unless a hearing is held before the judge who will then assess the witness' credibility.

The Magistrate-Judge's Report and Recommendation includes all of the observations made by agent Rodríguez-Brevan on January 18, 22 and 23, 2013 during the surveillance that he conducted of defendant Torres-Rosario's house.  The house was described in detail by the police officer as to its physical characteristics and the white cement wall in front.  The Magistrate-Judge also admitted photos taken by agent Rodríguez-Brevan of the house on those dates.  The Report and Recommendation contains a detailed observation of what agent Rodriguez-Brevan testified he saw during the surveillance dates at that location on January 22 and 23, 2013, as well as

CRIMINAL 13-0054CCC                6

defendant's testimony denying that he walked out of the house on January 23, 2013 or that he sold marihuana at the carport area on such date. According to the R&R narrative, Torres testified that he never sold marihuana from his house or outside in front of his house and that he only sold marihuana at the hotel where he worked as a luggage porter, the Grand Meliá Hotel in Río Grande.

Magistrate-Judge McGiverin, having set forth the testimonies of both agent Rodríguez-Brevan and defendant Torres, stated: "Here, the case comes down to one of credibility." He then evaluated their respective testimonies and concluded: "At bottom, Torres simply sets up a swearing contest; either he or Agent Rodriguez is lying. There simply is no basis on which to second-guess agent Rodriguez' statements, much less any evidence that shows the affidavit contains 'a false statement made knowingly and intentionally or with reckless disregard of the truth.' Torres frankly admitted that he sold marihuana at the hotel where he worked. At the same time, he claims he never sold marihuana from his residence in Ceiba but he never provides an explanation as to why he has no problem selling marihuana at his place of work and would never sell from his house." R&R, p. 5.

His final conclusion was: "I find Torres has not met his burden of proving by preponderance of the evidence that the affidavit contains false or misleading statements . . . the affidavit and the search warrant are valid . . . Because I find agent Rodriguez' affidavit is credible and the search warrant is valid, Torres' statements to federal agents after his arrest were not obtained in violation of his rights. The statements were made after <u>Miranda</u> warnings were properly administered and, thus, are admissible. The motion to suppress should be denied."

CRIMINAL 13-0054CCC 7

Defendant was granted until January 14, 2014 to file objections to the Report and Recommendation. On February 19, 2014, the unopposed Report and Recommendation was approved and adopted and the Motion to Suppress was denied. It is against this backdrop that defendant proceeded one week later to file a motion for change of plea on February 26, 2014.

Defendant's change of plea hearing was scheduled for March 17, 2014 before U.S. Magistrate-Judge Marcos E. López. On March 17, 2014, the parties filed their Plea and Forfeiture Agreement (d.e. 62) which included a Stipulation of Facts. Pursuant to the Plea Agreement, defendant agreed to plead guilty to both counts of the Indictment. The Stipulation of Facts signed by defendant on March 17, 2014 included the following admissions:

(1) On January 25, 2013, Puerto Rico Police Agents assigned to the Fajardo Narcotics Unit, conducted a search warrant at the Aguas Claras property lot in the municipality of Ceiba, Puerto Rico. Agents arrived to the location, knocked and announced their presence. During the search, agents identified themselves and notified the occupants of the residence, one of them later identified as Edwin Torres-Rosario. According to the Agents, the residence is a three bedroom house with two bathrooms.

(2) Once the residence was secured the Agents asked Torres-Rosario to be present during the search. Inside the residence, the Agents found: a Glock pistol, .40 caliber, model 23, bearing serial number HRX073, one Glock magazine loaded with eleven (11) rounds of .40 caliber ammunition, and a Taurus pistol, .45 caliber, model PT945, bearing serial number NWG86890, approximately .60 pounds of a green leafy substance that later field tested positive to marihuana, numerous baggies of drug paraphernalia, two (2) small scales and $3,127 US dollars in different denominations.

(3) Edwin Torres-Rosario was later transported to the Fajardo Narcotics unit. PRPD Agents read Torres-Rosario his Miranda warnings again. After understanding and signing the form, Torres-Rosario waived his right to remain silent and stated that everything found inside the house belonged to him.

CRIMINAL 13-0054CCC                    8

>    (4) On January 25, 2013, approximately at 10:50 a.m., ATF Agents read Torres-Rosario his Miranda warnings. After understanding and signing the form, Torres-Rosario waived his right to remain silent and stated that he sells marihuana at the Melia Hotel, where he works, he purchases the marijuana and packages the same for street level sales at his house, and that he packages about 2.5 grams of marihuana on each baggie and sells them for $20.
>
>    (5) Furthermore, Torres-Rosario stated that he purchased the half pound of marihuana found by the Police four days prior to his arrest for $950.00. Torres-Rosario stated that he acquired both firearms in the Luquillo area and that he paid $1,200 for each one, that he possessed the firearms for his protection. Torres-Rosario stated that some of the cash found by the Police were from the drugs sales proceeds.
>
>    (6) For purposes of this Plea and Forfeiture Agreement Edwin Torres-Rosario accepts that he possessed the firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is possessing with intent to distribute less than 250g. of marihuana, a Schedule I Controlled Substance.

Plea and Forfeiture Agreement (d.e. 62), pp. 12-13.

The change of plea hearing was held as scheduled on March 17, 2014. The transcript of said hearing (d.e. 84) reflects that the Magistrate-Judge first determined that defendant was competent to plead. The Magistrate-Judge then ascertained that defendant understood the charges filed against him and the consequences of pleading guilty to both counts of the indictment. Defendant was apprised of all the constitutional rights he was waiving by pleading guilty, which he understood. The Magistrate-Judge also verified that defendant understood and discussed with his attorney all the terms and conditions of his plea agreement with the government and that he validated the authenticity of his signatures in the document. The Magistrate-Judge explained to defendant the penalties that he would be facing by pleading guilty to both counts of the Indictment, which he acknowledged having understood. Defendant was further explained that his plea agreement contained a waiver

CRIMINAL 13-0054CCC                    9

of appeal clause which he also accepted.  The government then summarized the facts that it would have presented at trial to prove both charges, which mirrored the stipulation of facts included in the Plea Agreement.  Defendant expressly admitted all the facts narrated by the government, and entered a plea of guilty as to both charges.  The Magistrate-Judge found, based on his Fed. R. Crim. P. 11 colloquy with defendant, that he was fully aware of the consequences of his guilty plea and the maximum penalties applicable to Counts I and II of the indictment, that his plea of guilty to both counts had been made intelligently, knowingly and voluntarily, and that there was a basis in fact as to every element of the offenses charged. He, thus, favorably recommended that defendant's plea of guilty be accepted.

Defendant's plea of guilty was accepted by the Court on April 21, 2014 and his sentencing hearing scheduled for July 15, 2014 (d.e. 67).  The preparation of a Pre-Sentence Report (PSR) was ordered.  As part of the pre-sentence investigation, defendant was interviewed.  The PSR relates that during his interview conducted in the presence of his defense counsel A.F.P.D. Carlos Vázquez, defendant "accepted responsibility for his actions as stipulated in the Version of Facts of the Plea Agreement."  PSR (d.e. 68), p. 6, ¶ 17.

Defendant represents at page 2 of his Motion to Withdraw Plea of Guilty (d.e. 77) that when he met with his attorney after August 19, 2014 he "maintained his innocence in regard to the 924(c)(1)(A) count." He also denies in the last paragraph of that page that he ever conducted drug transactions outside his residence as testified by the police officer who conducted the surveillance of his house.  He has not presented an iota of evidence that would lead the Court to conclude that he was coerced in any manner to sign the

CRIMINAL 13-0054CCC                    10

Stipulation of Facts which is attached to his Plea Agreement or that when he was interviewed by the U.S. Probation Officer, accompanied by his lawyer, and accepted responsibility for his actions, as stipulated in the version of facts of the Plea Agreement, he was being untruthful.  Instead, he accommodates his claim of innocence by rehashing the attacks on the P.R. police officer's (Rodríguez-Brevan) credibility.  For example, by arguing that the police agent was alone when he conducted the surveillance of his house on January 22 and 23, 2013 and disavowing having conducted drug transactions in front of his residence, as Rodríguez-Brevan testified during the suppression hearing before the Magistrate-Judge whose credibility determinations were against the defendant and for the investigating police officer.  Each one of the facts stipulated (d.e. 62) as part of the Plea Agreement which defendant challenged during the suppression hearing were later admitted by him, both as to the possession of the two firearms, a Glock and a Taurus pistol, in furtherance of a drug trafficking crime (Count Two) and as to the possession of marihuana which he sold in $20 baggies near his house (Count One).  His claim of innocence, raised after his sentencing hearing was continued due to his attorney's medical emergency, is a hollow claim.  Contrary to what he alleges in his motion to withdraw, his blanket assertion of innocence is inconsistent with his incriminating statements to the arresting officers, with his assertion to the U.S. Probation Officer during the presentence interview and with the version of facts which he assured U.S. Magistrate-Judge López he had freely accepted.

In sum, there is only one determination that can reasonably be made: defendant's plea of guilty was made knowingly, intelligently, and voluntarily and had a factual basis in compliance with the requirements of Fed. R. Crim.

CRIMINAL 13-0054CCC                11

P. 11(b).  Accordingly, the Motion for Leave to Withdraw Guilty Plea filed by defendant Edwin Torres-Rosario (**d.e. 77**) is DENIED.

Defendant Torres-Rosario was on bond at the time that his sentencing hearing began and he remains on bond.  His Motion to Withdraw has been pending due to an unintentional lapse resulting from the sheer volume of criminal cases and criminal defendants which is a constant reality in this District.  One has to wonder, however, why defendant Torres-Rosario and his attorney A.F.P.D. Carlos Vázquez never filed a motion requesting disposition or made a brief call to alert of its pendency.

The sentencing hearing is set for **JANUARY 12, 2017** at **2:00 PM**.
SO ORDERED.
At San Juan, Puerto Rico, on December 14, 2016.

                              S/CARMEN CONSUELO CEREZO
                              United States District Judge